11.101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 23 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

LINDA BALDWIN,
Plaintiff,

V.

OFFICE OF INJURED EMPLOYEE
COUSEL,

ZURICH AMERICAN INSURANCE,
COMPANY,
Defendants.

No Jury Trial

1:25CV00138 RP

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW LINDA BALDWIN, pro se (1). Permission to file litigation (2). Has not filed to harass. (3) Has not file to delay. (1). Permission to file litigation (2). Has not filed to harass. (3). has not file to delay.

## CAUSES OF ACTION

The Equitable Toll under Section 42 U.S.C 1983 for causes of Action Federal Tort Claims under Negligence Misrepresentation by Office of Injured Employee Counsel **(Exhibit A)** and Aggravated injuries under 541.06 Misrepresentation for failure to pay medical bill payment and medical services and Services by the Defendant Zurich American Insurance Company. **(Exhibit B)**

## PARTIES

Ms. Linda Baldwin, Plaintiff pro se, who presently resides at 7029 Villada Street, North Las Vegas, Nevada 89084 were violated by the action of the individual below. This action was

Zurich American Insurance Company as the Insurer. The Office of Injured Employee Counsel is State Agency which can be served at Attorney General Office can be served at Texas Department of Insurance 300 W. 15' Street Austin, Texas, 78701. And Zurich American

The insurer created and operated under the law of the State of Texas, and services of process may be accomplished by services its registered agent at 221 West 7th Street suite 300, Austin, Texas 78701.

## III.
## JURISDICTION VENUE

This action is Pursuant to 42 U.S.C. 1983, People of Color for Action under the Federal Tort Claims, Negligence Misrepresentation for aggravated injuries for failure to pay medical bills payments, Health Care Services and Services. This Court has jurisdiction over Baldwin's federal Claims Pursuant to 28 U.S.C. " 1331 and 1343 (a), This Court has supplementary jurisdiction over Baldwin's state law claim pursuant to 28 U.S.C. 1367.

## IV.
## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND TIMELINESS

Plaintiff has met all procedural and prerequisites to bringing this claim. Plaintiff brought this civil action within one years of the date of filing a Complaint of 42 U.S.C 1983 Federal Tort Claims, Negligence Misrepresentation and Aggravated injuries Misrepresentation under 541.061 for injuries for failure to pay medical bills payments, Health Care Services and Services after accepting Baldwin Claims.

## BACKGROUND

Linda Baldwin, *pro se* filed a petition for review to the Fifth Court of Appeals for a *dissent Order for* cause of action 1:19-CV-00454 and 1:18-CV00996 ( **Exhibit C** ) after she never received order by the Appeals Court and denied January 19, 2024. Now *Pro Se,* Linda

2

Baldwin move to file Petition in the above Caption under Equitable Toll. Accordingly, as Linda Baldwin, pro se did filed with the United States Court of Appeals for the Fifth Circuit case number 23-50349, her petition was found untimely due her sickness and injuries of a dissent order she never received to the U. S. Supreme Court. **(Exhibit D)** The date of the lower court judgment or order denying a timely petition for rehearing was January 19, 2024. Therefore, Linda Baldwin, pro se petition was due on or before June 17, 2024 with the granted application 23A881 by Justice Alito. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

## DEFINITION

### Equitable Toll

Equitable tolling is a legal principle evolved from the common law of equity. The principle of equitable tolling provides that the statute of limitations will not bar a claim if the individual, despite reasonable care and diligent efforts, did not discover the injury until after the limitations period had expired.

### Section 42 of the United States Code (U.S.C.)

Covers civil rights, public health, and social welfare. It includes provisions on civil rights, discrimination, and federally assisted programs.

### 1983 claim

Is a civil lawsuit filed when a person's civil rights are violated by a state or local government official? The claim is filed under 42 United States Code, Section 1983, which is part of the federal civil rights law.

### Texas Tort Claims Act (TTCA)

Allows individuals to sue cities and other governmental entities for injuries or property damage partially waives immunity for governmental entities that are engaged in governmental functions. Limits personal injury compensation to a maximum of $250,000 per person and $500,000 per accident negligent misrepresentation. Occurs when someone negligently provides false information that causes another person to act in a way that harms them. Can occur in business transactions or less formal situations, to prove, the plaintiff must show that the defendant failed to use reasonable care. The defendant must have known the Occurs when

someone negligently provides false information that causes another person to act in a way that harms them. Can occur in business transactions or less formal situations. To prove, the plaintiff must show that the defendant failed to use reasonable care. The defendant must have known the information was false or made it recklessly. The defendant must have intended to cause the plaintiff to act on the information. The plaintiff must have relied on the information and suffered harm. Information was false or made it recklessly. The defendant must have intended to cause the plaintiff to act on the information. The plaintiff must have relied on the information and suffered harm

<u>Aggravated Injuries</u>

Texas workers' compensation, an "aggravated injury" refers to a pre-existing medical condition that is made significantly worse by a work-related injury, meaning the work incident caused a worsening or acceleration of the underlying condition, making it compensable under the law; essentially, you can receive benefits if your job injury aggravated a pre-existing condition.

<u>Negligent misrepresentation</u>

A negligent misrepresentation claim is a legal action that can be taken when someone is harmed by false information that was given carelessly. It's a type of common law tort that's often considered a form of fraud.

<u>Preexisting Injuries</u>

Is an injury or medical condition that a person has before they are involved in an accident or file a claim. Pre-existing injuries can be chronic illnesses, past injuries, or other health issues.

<u>STATEMENT OF FACTS</u>

Linda Baldwin, *pro se* is an African American women who resides in Las Vegas, Nevada at 89084 after making a request for records, the dissent but was denied on January 19, 2024, as Linda Baldwin filed a petition to the Fifth Court of Appeals and made a request for those record she never received and continue to suffered pain in her elbow, both feet and shoulder which led to a TIA (stroke). Baldwin suffers chronic pain which elevates her blood pressure.

Linda Baldwin's injuries continued to worsen through the years by doing daily activities such as walking standing, reaching and gapping for long period of time during daily activities see medial report concerning FCE Report 8/82024, 8/19/2019, 7/8/2019, 6/17,2021,and

1/18,2025 concerning the knee, shoulder, both left and right foot of the foot which are being aggravated ..... Plaintiff has suffered aggravated preexisting dated injuries concerning from March 2006, August 2006 and August 2007 ........ a duty of care owed by the defendants to the plaintiff; (2) a breach of that duty by the defendants; concerning Office of Injured Employee Counsel which had prolong her treatment and Zurich American Insurance Company failure to pay Baldwin Medical Bills Payment and Wages (3) an injury that is actually and proximately caused by the defendant's breach; and (4) damages. The preexisting s for March 1, 2006, August 18, 2006 and August 20, 2007 while employed by her former employer Extended Stay America/ HVM LLC as a Customer Services Attendant.

The Petitioner applied for workers' compensation benefits and sought assistance in March 2008 from the Office of Injured Employee Counsel (OIEC) Ombudsman Program, a state program that provides aids to unrepresented injured employees seeking workers' compensation in 2012 and 2016 but failure to accommodate her in her disability b....

<u>Negligent Misrepresentation</u>

Plaintiff Baldwin participated in contested case hearings before the Texas Department of Insurance Division of Workers' Compensation (DWC) and that the department Office Of Injured Employee Counsel had neglected to assist Baldwin at the hearing when the ombudsman failure to show at the hearing. Afterward Baldwin was denied two appeals without assistant in the program. The hearing Officer denied Baldwin's request for workers' compensation benefits, concluding that she did not sustain a compensable injury without a decision from the Appeal Panel and the decision has become final under section 410.169 and section 410.204 ( c ). It further determined that the Carrier, Zurich American Insurance Company, accepted Baldwin claims but refused to pay medical bills payment and services.

Accordingly, Petitioner Baldwin properly notify her former employer Extended Stay America HVLL of the injuries she sustain. Plaintiff Baldwin did ask for appeal by the ombudsman but her appeals were founded untimely filed by the division of Worker's Compensation after she requested help concerning her disability and was assigned to Ms. Ombudsman which negligent in helping Baldwin. Petitioner Baldwin signed up for an assistance dated June 24, 2016 for date of injuries August 18, 2016. Accordingly, Ms.

Baldwin's Appeal was found untimely filed under the provision section 410.169 or Section 410. 204. Accordingly, Baldwin was seriously injured from her work injuries and her plea was totally ignored for medical care, and continued to deny her appropriate medical treatment despite doctors' orders. Rather than abide by their obligations and responsibilities to safeguard her grievances the continuing, " this agency continue to denying her and safe guard her care Baldwin still suffer from chronic carpal tunnel from her hands injuries, chronic knee, back and foot problems. This is inconvenience that she is facing every day in her daily living actives.

This has creating problems for her by abusing her verbally and also by misguiding her in many tasks. Baldwin says, during that period of her employment with Extended Stay America Hotel HVM, that she is seriously injured while working there standing in one spot all day, twisting, folding, reaching, pulling, stooping, and gripping causing her body to break down and suffer from many injuries.. Plaintiff complaining of facts that clearly establish that her claim falls within the scope of the right's remedies under title excluded all others against employers remedies granted by this Title to an employee when she and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, Baldwin's personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

The Texas Insurance provides, "541.061" refers to a section within the Insurance Code, specifically defining "misrepresentation of an insurance policy," meaning an insurance company cannot make false or misleading statements about the coverage provided within a policy to a policyholder; essentially, it protects against insurance false practices by outlining what constitutes a misrepresentation of the policy terms, the exclusive remedy for claims by an employee against her employer for injuries sustained by an employee arising out of and in the course and scope of employment. See *Strickland v. Galloway*, 348 S.C. 644, 646, (Ct. App. 2002). This provision of the Act precludes an employee from maintaining a tort action against an employer where the employee sustains a work- related injuries.

The exclusive remedy doctrine was enacted to balance the relative case with which the

Employee can recover under the Act: the employee gets swift, sure compensation, and the employer receives immunity from tort actions by the employee. The Act should be liberally construed to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Act. In this case, Plaintiff Linda Baldwin, pro se says she was injured at work during the course of her employment as Night Attending front desk. Because she says it was a workplace injury arising out of and sustained in the course of her employment. Baldwin pursuing this as a tort action.

## INTENTIONAL INFLICTION
## EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

As an insured under the policy of insurance with Defendant Zurich American Insurance Company, Plaintiff was entitled to receive worker compensation benefits, including, but not limited to, prompt receipt of medicines and healthcare. The Defendants are liable for the Intentional infliction of emotional distress that was committed by its employees and/or agents and/or apparent agents, who committed the following intentional and outrageous acts and/or omissions: Delayed and denied authorization for essential and medically necessary care, treatment, and devices; Delayed and denied referral to appropriate medical specialists. Also Delayed and denied authorization for essential and medically necessary care, treatment, and devices; Delayed and denied referral to appropriate medical specialists.

The acts and omissions attributed to the Defendants in this Complaint were performed and carried out by the Defendants themselves and/or by their employees and/or agents and/or by their divisions and/or successors-in-interest and/or other entities for which the Defendants would be legally responsible. Plaintiff received mental health counseling and treatment from Primary Care, M.D., and others, on a frequent basis. Plaintiff, continue to be in a depressed mood, expressed to her Doctor her stress and frustration over the fact that she still did not have suffered from chronic pain.

The Defendants accepted Plaintiff as disabled as a result of the workplace accident on or about August 2006 August 20, 2007 and March 1, 2006. And now Baldwin has suffered aggravated injuries to her preexisting injuries. The Defendants conduct in delaying and denying

7

medical care, attendant care, medical treatment, and medically necessary devices to Plaintiff has caused her to suffer injuries subsequent to and distinct from her original workplace injury.

The Plaintiff has suffered severe emotional distress as a result of the Defendants conduct. She has had to endure years without functioning such as standing, walking long period of time and use of her hands, during in which time she could not perform even the most basic tasks and was dependent on help from others. Despite her dependence, Defendants failed to provide any attendant care for Plaintiff, causing her to depend on her children for assistance. And, Defendants have failed to provide Plaintiff with authorization to undergo scar revision surgery with a qualified plastic surgeon concerning her elbow scaring from the surgery elbow release, thereby compounding her severe emotional distress.

The Defendants refused to provide Plaintiff with the medical care, attendant care, medical treatment, and medically necessary devices that she so desperately needed and to which she was legally entitled, and shamelessly used the workers compensation system as a tool to cause Plaintiff harm that is independent of and subsequent to her workplace injury. As an insured under the policy of insurance with Defendant Zurich American Insurances Company, Plaintiff was entitled to receive workers compensation benefits, including, but not limited to, prompt receipt of medicines and healthcare.

Defendants are liable for the intentional infliction of emotional distress that was committed by its employees and/or agents and/or apparent agents, who committed the following intentional and outrageous acts and/or omissions:

Delayed and denied authorization for essential and medically necessary care, treatment, and devices; Delayed and denied referral to appropriate medical specialists; Delayed and/or denied paying benefits to Plaintiff; Wrongfully attempting to deprive Plaintiff of necessary medical treatment, care and devices; Denying authorization for attendant care services; aggressively subjecting Plaintiff to vocational assessments despite accepting Plaintiff as disable. The Defendant Zurich American Insurance Company and Office of Injures Employee Counsel is vicariously liable for the actions of Defendant acting within the course and scope of

the agency relationship at all times material hereto. The Defendants knew or should have known that their actions would cause Plaintiff to suffer severe emotional distress.

The Defendants took such tortious actions without any justification and for the sole purpose of increasing their profits or pleasing their client, Spartan Staffing/Labor Ready, by avoiding expenditures for care undeniably due Plaintiff under workers compensation law. Defendant's tortious actions were unwarranted, outrageous, and extremely dangerous to the health of Plaintiff, and are utterly intolerable in a civilized community. The conduct of the Defendants is the type of conduct that would cause the average person to exclaim outrageous. The extreme and outrageous character of the conduct also arises from the unequal position of the parties and Plaintiff complete reliance on Defendants for her ability to receive medical care and treatment. The outrageousness of Defendants conduct is heightened because they asserted and had the power to severely damage Plaintiff by restricting her access to necessary medical care, treatment, and devices, and by delaying and restricting her access to the monetary compensation she was entitled to under the workers compensation system.

The extreme and outrageous character of the conduct also arises from Defendants specific knowledge that Plaintiff was peculiarly susceptible to emotional distress due to her physical and emotional disabilities and dire financial condition. The outrageousness of Defendants conduct is heightened because they proceeded on a course of conduct in wrongfully denying and delaying Plaintiffs access to necessary medical care and treatment despite this knowledge. Defendant's tortious actions constitute an actionable tort, separate and apart from the statutory obligation of Defendants, by and through their agents, to provide and authorize medical benefits for Plaintiff under the Texas Workers Compensation Act.

The Defendants tortious actions resulted in injuries to Plaintiff that are separate and distinct from the workplace injury she suffered on or about August 16, 2016, while working for Extended Stay America HVM LLC. Also in conducting these tortious actions, Defendants engaged in unlawful, fraudulent, and outrageous conduct that goes beyond all bounds of decency and is extreme, outrageous, shocking, atrocious and utterly intolerable in a civilized society.

The Defendants acted with intent to cause Plaintiff severe emotional distress and physical injury or with reckless disregard of the high probability of causing her severe emotional distress and physical injury such that Defendants knew or should have known that their actions would cause Plaintiff severe emotional distress. As a direct and proximate result of Defendants conduct, Plaintiff suffered severe emotional distress, personal injury, damage, and loss. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Any and all conditions precedent to bringing this action have been met or waived.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Linda Baldwin, pro se seek Relief under Negligent Misrepresentation, Aggravated Injuries under Misrepresentation 541.061. Judgment against Zurich American Insurance Company and Office of Injured Employee Counsel for damages maximum amount this court can award , costs, pre-judgment and post-judgment 12% interest, and for such other and further relief that this Court deems just and proper.

Respectfully Submitted,

Linda Baldwin

# CERTIFICATE OF SERVICE

1, Linda Baldwin, hereby certify that on this, I served a true and correct copy of,

via certified mail, return receipt requested, as follows:

Office of Injured Employee Counsel
Attorney General Office
300 W. 15' Street
Austin, Texas, 78701

Zurich American Insurance Company Services
Registered agent at 221 West 7th Street suite 300,
Austin, Texas 78701.

Respectfully Submitted

Linda Baldwin
7029 Villada Street
North Las Vegas, Nevada 89084
Itistime3@yahoo.com
725 285-6601